IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TYRELL MARSHALL                                                                          PLAINTIFF

vs.                                       Civil No. 4:18-cv-04028

NANCY A. BERRYHILL                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Tyrell Marshall, ("Plaintiff") brings this action pursuant to § 205(g) of Title XVI of the Social Security Act ("The Act"), 42 U.S.C. § 1382, seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.  Background:**

Plaintiff protectively filed his application on March 30, 2015. (Tr. 13). In this application, Plaintiff alleges being disabled due to: bipolar and attention deficit hyperactivity disorder with an alleged onset date of March 30, 2015. (Tr. 166). This application was denied initially and again upon reconsideration. (Tr. 10). Plaintiff requested an administrative hearing and that administrative hearing was held on April 17, 2017. (Tr. 29-44). At this hearing, Plaintiff was present and was represented by counsel, Gregory Giles. *Id.* Plaintiff and a

Vocational Expert ("VE") testified at the hearing. *Id.* At the time of the hearing, Plaintiff was twenty (20) years old and had completed part of the tenth grade. (Tr. 32-33).

Following the hearing, on June 8, 2017, the ALJ entered an unfavorable decision. (Tr. 10-21). The ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the following severe impairments: posttraumatic stress disorder, oppositional defiant disorder, and major depressive disorder, recurrent, moderate. (Tr. 15, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings:"). (Tr. 15-16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr.17-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: claimant can maintain attention and concentration sufficiently to perform simple, routine work tasks. Claimant can occasionally interact with coworkers, supervisors, and public.
> *Id*.

The ALJ found Plaintiff had no Past Relevant Work ("PRW"). (Tr. 20, Finding 5). The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20-21, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id*. Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as a laundry laborer with approximately 335,568 such jobs in the nation,

housekeeper with approximately 552,965 such jobs in the nation, sorter with 457,222 jobs in the nation, stone setter with 182,221 jobs in the nation, or a lens inserter with approximately 220,864 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from his onset date of March 30, 2015, through the date of the decision. (Tr. 21, Finding 10).

On March 2, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2.** **<u>Applicable Law</u>:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in his assessment of Plaintiff's mental illness due to a failure to address listings 12.06 and 12.05(C). ECF No. 12. In response, Defendant argues the ALJ properly evaluated Plaintiff's mental illness and considered the appropriate listings. ECF No. 13.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE